UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
DAVID DELMORAL,                                           Index No.: 1:12-cv-08302-JMF

                                        Plaintiff,        **COMPLAINT**

                  -against-

THE CITY OF NEW YORK, and
POLICE OFFICER ROBINSON MERCADO,
Shield # 925738                                          **JURY DEMAND**


Defendants.
--------------------------------------------------------------------X

      Plaintiff, David Delmoral, by his Attorneys. OFODILE & ASSOCIATES. P.C.

complaining of the Defendants, the City of New York and Police Officer Robinson Mercado,

alleges as follows:

## NATURE OF ACTION

1.     This is an action against the City of New York and Police Officer Robinson Mercado to

redress false arrest and malicious prosecution in violation of the Plaintiff's rights under the

Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This

is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff

as a result of the intentional, malicious and reckless acts of the City of New York and Police

Officer Robinson Mercado. Further, this is an action redress theft of the Plaintiff's $100.

## JURISDICTION AND VENUE

2.     Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. §

1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. §

1343(a)(3), this being an action authorized by law to redress the deprivation, under color of

statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over Plaintiff's claims brought under common law and Article 1, Section 12 of the New York State Constitution for violation of his State constitutional rights against unreasonable searches and seizures.

3.      Venue is proper in the Southern District of New York because the events complained of occurred in the County of Bronx, which is within the Southern District of New York.

## PARTIES

4.      At all times relevant and material to the facts of this case, Plaintiff resided in the Bronx, New York, within the jurisdiction of this Court.

5.      At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual Defendant and is liable under the common law agency and/or respondent superior rule for the actions of the individual Defendant complained herein.

6.      At all times relevant and material to this case, Defendant, Police Officer Robinson Mercado is an employee of the City of New York, employed in its Police Department, and upon information and belief, worked in the 48th Precinct, in the Bronx, New York.

## FULFILMENT OF ADMINISTRATIVE REMEDIES

7.      Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York within ninety days of the happening of the events mentioned herein and at least 30 days has elapsed from the said date without the City of New York settling said claims.

## FACTUAL ALLEGATIONS

8.      On November 1, 2011 at approximately 9:30 p.m., while the Plaintiff was playing chess with a friend at a park on 182nd Street and Southern Blvd, in the Bronx, Police Officer Mercado approached Plaintiff and asked: "What are you guys doing here? You are smoking weed."

9.      The Plaintiff responded: "No Officer, we are actually playing chess and drinking juice". Officer Mercado then told the Plaintiff to stand up and as the Plaintiff was about to stand, Officer Mercado held Plaintiff's hands down as if he was about to handcuff him.

10.     The Plaintiff then asked Officer Mercado why he was placing handcuffs on the Plaintiff and Officer Mercado replied that they would have him detained for a minute.

11.     Officer Mercado asked the Plaintiff where his wallet was and the Plaintiff told him that it was in his back pocket. Officer Mercado repeated the same question and the Plaintiff gave him the same answer.

12.     At this time, before the Plaintiff could fully stand up, Officer Mercado  handcuffed him. The Plaintiff then asked Officer Mercado why he was handcuffed and Officer Mercado stated that his computer was down and he would have to take the Plaintiff in. The Plaintiff asked, "why are you going to take me in?" and Officer Mercado stated that the Plaintiff was smoking weed and he had to detain the Plaintiff because the computer was not working.

13.     The Plaintiff told Officer Mercado that  there was no pot and asked Mercado where he saw evidence of pot and Mercado said: "Whatever, let's just walk to the van."

14.     Officer Mercado then took the Plaintiff's wallet out after the Plaintiff told him where it was located. Officer Mercado took out the Plaintiff's identification from his wallet and asked if the picture on the identification was Plaintiff's . The Plaintiff said, yes, the "picture was of me

when I was younger". Officer Mercado then went through everything in the Plaintiff's wallet, picked out the two $50.00 bills and grumbled to himself, and felt through other pockets, looking for evidence of marijuana without finding anything.

15.     At the steps of the van, Officer Mercado started spreading the Plaintiff's properties on the steps and refused the Plaintiff's request to turn over his properties to his friend to keep while stating that "your stuff is good with me." Officer Mercedo then put the Plaintiff's identification card in Officer Mercedo's shirt pocket and the Plaintiff's wallet in the Officer Mercedo's pants pocket. He then asked the Plaintiff to step into the van. As the Plaintiff stepped into the van, he saw the Officer holding the two $50.00 bills on the back of his wallet instead of putting them inside.

16.     Officer Mercedo then separated the two bills, threw the Plaintiff's wallet on the dashboard of the van, closed the driver's door and called unto the other officers to come and join him to take the Plaintiff to the Precinct. As the Plaintiff was being driven through East Tremont Avenue, Officer Mercado threw the Plaintiff's wallet out of the car.

17.     At the Precinct, when the Plaintiff asked Officer Mercado to vouch the $100.00 (two $50.00 bills) and also give him the $48.00 he had in his thigh pocket, Officer Mercado acted as if he did not know that the Plaintiff had a wallet. The Plaintiff was then driven back to the area that the Plaintiff was arrested, the Officers used their flashlights in a apparent "search" for the wallet before driving him back to the Precinct, where Officer Mercado told the Plaintiff that the Plaintiff probably took back his wallet.

18.     The Plaintiff then told Officer Mercado that he was handcuffed and there was no way he could have done so, that Officer Mercado put the Plaintiff's wallet inside his back pocket before

4

he got into the van and threw it on the dashboard after he got into the van.

19.     Officer Mercado then stated that may be he (Mercado) placed the wallet inside his back pocket and the Plaintiff told him that he (Mercado) did not do so, that the Plaintiff's  back pocket had a zipper and that the Plaintiff would have told Mercado to zip it back if he did.

20.     The Plaintiff was taken from the 48th Precinct to Central Booking in the Bronx. The following day, at approximately 1:00 p.m., without seeing a judge, Officer Mercado took him the Plaintiff through the back door and released him from Central booking, telling him that he was lucky.

21.     The Plaintiff was charged with possession of (marijuana) drugs. The charges were dismissed.

21.     The Plaintiff did not recover his $100, identification card, his wallet, his social security card, his insurance card and all the papers contained in his wallet.

22.     The Plaintiff was and is still traumatized as a result of his ordeal.

23.     As a result of the violations of the Plaintiff's common law and constitutional rights alleged herein, the Plaintiff has suffered from serious mental and emotional injuries and continues to suffer mentally and emotionally.

24.     The Plaintiff has also sustained financial losses/damages and would continue to sustain same as a result of the actions of the Defendant complained of herein.

25.     The actions of Defendant were callous, wanton, premeditated, done intentionally and knowingly to deprive Plaintiff of his constitutional rights and Plaintiff is entitled to substantial punitive damages against each of the Defendants.

## FIRST CAUSE OF ACTION

26.     Plaintiff repeats and realleges paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27.     The Plaintiff was arrested and booked by the Defendant without probable cause to believe that he had committed a crime in violation of his Fourth and Fourteenth Amendment rights not to be arrested without probable cause, thus; the Defendant is liable to the Plaintiff in damages pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

28.     The Plaintiff repeats and realleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29.     The Plaintiff was arrested and booked by the Defendant without probable cause to believe that he had committed a crime, thus; the Defendant is liable to the Plaintiff in damages pursuant to Article 1 §12 of the New York State Constitution.

## THIRD CAUSE OF ACTION

28.     The Plaintiff repeats and realleges paragraphs 1 through 28 as if each paragraph is repeated verbatim herein.

29.     The Plaintiff was arrested and booked by the Defendant without probable cause to believe that he had committed a crime in violation of Plaintiff's common law rights to be free from false arrest.

## FOURTH CAUSE OF ACTION

30.     The Plaintiff repeats and realleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31.     The Plaintiff was charged by the Defendant with possession of drugs. The charges against the Plaintiff were all dismissed in Plaintiff's favor.

32.     When the Defendant charged Plaintiff with possession of drugs, he did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual basis for those charges in violation Plaintiff's Fourth and Fourteenth Amendment rights not to be arrested without probable cause, thus; the Defendant is liable to the Plaintiff in damages pursuant to 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION

33.     Plaintiff repeats and realleges paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34.     Plaintiff was charged with possession of drugs. The charges filed against Plaintiff were all dismissed in Plaintiff's favor.

35.     When the Defendant charged Plaintiff with possession of drugs, he did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual basis for those charges in violation of Plaintiff's constitutional rights to be free from malicious prosecution as guaranteed by the New York State Constitution.

## SIXTH CAUSE OF ACTION

36.     Plaintiff repeats and realleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37.     Plaintiff was charged with possession of drugs. The charges filed against Plaintiff were all dismissed in Plaintiff's favor.

38.     When the Defendant charged Plaintiff with possession of drugs, he did so maliciously and

without a reasonable basis to believe that Plaintiff would be successfully prosecuted for the

offense he charged him with in violation of his common law rights not to be subjected to

malicious prosecution.

### SEVENTH CAUSE OF ACTION

39.     Plaintiff repeats and realleges paragraphs 1 through 38 as if each paragraph is repeated

verbatim herein.

40.     Defendant, by taking the Plaintiff's $100, his wallet and its contents and using them in a

manner inconsistent with Plaintiff's rights, converted the 2 $50.00 bills, his wallet and its

contents and is therefore liable to the Plaintiff under common law for conversion.

### EIGHT CAUSE OF ACTION

41.     Plaintiff repeats and realleges paragraphs 1 through 40 as if each paragraph is repeated

verbatim herein.

42.     At all times relevant and material to this case, Defendant City of New York was and still

was the employer of the individual Defendants in this case and the Defendants acted as agents of

the City of New York and the City of New York is therefore responsible for the actions of the

Defendants alleged herein, which were in violation of Plaintiff's common law rights under the

agency doctrine and/or respondent superior rule and for the violation of Article 1, §12 of the New

York State Constitution which makes the City responsible for the actions of its agents/servants

when they violate Article 1, §12 of the New York State Constitution.

**WHEREFORE**, Plaintiff prays for judgment awarding him:

1.      As against Police Officer Mercado for violation of his federal constitutional rights:

      i.      general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress;

      ii.      lost earnings and lost opportunities to earn income, in an amount to be proved at trial and in accordance with proof;

      iii.      punitive damages in amount sufficient to punish the individual Defendant and deter others like him from repeating such unlawful conduct;

      iv.      attorneys' fees and the costs and disbursements of this action; and

      v.      such other relief as the Court deems just and proper.

2.      As against the individual Defendants and the City of New York for violation of Article 1 § 12 of New York State Constitution, jointly and severally:

      i.      general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress;

      ii.      lost earnings and lost opportunities to earn income, in an amount to be proved at trial and in accordance with proof;

      iii.      punitive damages (against the individual Defendants only) in amount sufficient to punish the individual Defendant and deter others like him from repeating such unlawful conduct;

      iv.      attorneys' fees and the costs and disbursements of this action; and

      v.      such other relief as the Court deems just and proper.

3.     As against the individual Defendant and the City of New York for violation of Plaintiff's common law rights:

i.     general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

ii.    lost earnings and lost opportunities to earn income, in amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

iii.   punitive damages in an amount sufficient to punish the individual Defendant and deter others like him from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

iv.    specific damages of $100, with interest

v.     costs of obtaining items that were not returned to the Plaintiff including his wallet, identification cards, and others items contained in the wallet.

vi.    the costs and disbursements of this action – against all Defendants, jointly and severally; and

vii.   such other relief as the Court deems just and proper.


Dated: Brooklyn, N.Y.
       November 13, 2012

OFODILE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By:   s/bAnthony C. Ofodile
      Anthony C. Ofodile, Esq.
      Franciscus L. Diaba, Esq.
      498 Atlantic Avenue
      Brooklyn, New York 11217
      Tel. No.: (718) 852-8300

11